IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jamal H. Doctor, | ) C/A No. 5:12-973-RMG-KDW |
| Petitioner, | ) |
| vs. | ) Report and Recommendation |
| J. Al Cannon, | ) |
| Respondent. | ) |

## *Background*

Petitioner is a pretrial detainee at the Charleston County Detention Center in North Charleston, South Carolina. The Petition and exhibits reveal that Petitioner was arrested on March 20, 2012, in Charleston. ECF No. 1. Petitioner indicates he was arrested because police officers "observed [him] as one loitering." ECF No. 1 at 1. Petitioner avers he was searched because the officers discovered that he was on the "Bridge View Ban list." *Id.* at 2. Petitioner was arrested and charged with possession with intent to distribute marijuana and possession with intent to distribute cocaine. Bond was set at $60,470, and Petitioner has been unable to post that bond. *Id.*

In his Petition, Petitioner contends that he should have been charged with simple possession, relying on conflicting statements in police affidavits. *Id.* at 3. Petitioner seeks a "full dismissal" of the charges pending against him "and/or" a court order awarding him a personal recognizance bond. *Id.*

## *Discussion*

Under established local procedure in this judicial district, the court has carefully reviewed this pro se Petition pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Anti-Terrorism and Effective Death Penalty Act of 1996. The review[1] has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 31–35 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972) (*per curiam*); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951, 953–56 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70, 71–74 (4th Cir. 1983); *Loe v. Armistead*, 582 F.2d 1291, 1295–96 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Petitioner is a pro se litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007) (*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9–10 & n.7 (1980) (*per curiam*); and *Cruz v. Beto*, 405 U.S. 319, 321–23 (1972). When a federal court is evaluating a pro se complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). Even under this less stringent standard, the Petition is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

With respect to the pending criminal charges, Petitioner's sole federal remedies are a writ of habeas corpus under 28 U.S.C. § 2241 and a writ of habeas corpus under 28 U.S.C. § 2254, which can be sought only after the petitioner has exhausted his state court remedies. *See* 28 U.S.C.

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

§ 2254(b); *Picard v. Connor*, 404 U.S. 270, 275–77 (1971); and *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490–91 (1973) (exhaustion required under 28 U.S.C. § 2241). "It is the rule in this country that assertions of error in criminal proceedings must first be raised in state court in order to form the basis for relief in habeas. Claims not so raised are considered defaulted." *Beard v. Green*, 523 U.S. 371, 375 (1998) (citing *Wainwright v. Sykes*, 433 U.S. 72 (1977)). Hence, pre-trial detainees in state criminal proceedings must exhaust their state remedies before seeking federal habeas corpus relief.

The criminal charges in question are pending in the Court of General Sessions for Charleston County. The Court of General Sessions for Charleston County is a court in the State of South Carolina's unified judicial system. *See* S.C. Const. art. V, § 1 ("The judicial power shall be vested in a unified judicial system, which shall include a Supreme Court, a Court of Appeals, a Circuit Court, and such other courts of uniform jurisdiction as may be provided for by general law."); *City of Pickens v. Schmitz*, 376 S.E.2d 271, 272 (S.C. 1989); *Spartanburg Cnty. Dep't of Soc. Servs. v. Padgett*, 370 S.E.2d 872, 875–76 & n. 1 (S.C. 1988); and *Cort Indus. Corp. v. Swirl, Inc.*, 213 S.E.2d 445, 446 (S.C. 1975).

Absent extraordinary circumstances, federal courts are not authorized to interfere with a state's pending criminal proceedings. *See*, *e.g.*, *Younger v. Harris*, 401 U.S. 37, 44 (1971); *Nivens v. Gilchrist*, 319 F.3d 151, 158–62 (4th Cir. 2003); *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49, 50–53 (4th Cir. 1989). In *Cinema Blue of Charlotte*, the United States Court of Appeals for the Fourth Circuit ruled that federal district courts should abstain from constitutional challenges to state judicial proceedings, no matter how meritorious, if the federal claims have been or could be presented in an ongoing state judicial proceeding. 887 F.2d at 52. Moreover, the Anti-Injunction

Act, 28 U.S.C. § 2283, expressly prohibits a federal district court from enjoining such proceedings. *Accord Bonner v. Circuit Court of St. Louis*, 526 F.2d 1331, 1336 (8th Cir. 1975) (*en banc*). In *Bonner*, the United States Court of Appeals for the Eighth Circuit pointed out that federal constitutional claims are cognizable in both state courts and in federal courts: "Congress and the federal courts have consistently recognized that federal courts should permit state courts to try state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review."

Here, Petitioner has not exhausted his state remedies. The judgment in Petitioner's criminal case will not become final unless and until he is convicted and sentenced. If convicted and sentenced in the pending criminal case, Petitioner has the remedy of filing a direct appeal. *State v. Northcutt*, 641 S.E.2d 873, 877–82 (S.C. 2007). If his direct appeal is unsuccessful, Petitioner can file an application for post-conviction relief (PCR). *See* S.C. Code Ann. § 17-27-10, *et seq.* Moreover, if a South Carolina prisoner's PCR application is denied or dismissed by a Court of Common Pleas, he or she can file an "appeal" (petition for writ of *certiorari*) in that PCR matter. *See* S.C. Code Ann. § 17-27-100; [2] *Knight v. State*, 325 S.E.2d 535, 537–38 (S.C. 1985).

It is well settled that a direct appeal is a viable state court remedy. *Castille v. Peoples*, 489 U.S. 346, 349–52 (1989). Further, the United States Court of Appeals for the Fourth Circuit has

---

[2]The Supreme Court of South Carolina has authorized the South Carolina Court of Appeals to hear petitions for *certiorari* in post-conviction cases upon referral from the Supreme Court of South Carolina. *See* Supreme Court Order 2005-08 (C.O. 08 effective May 1, 2005), Shearouse Advance Sheet No. 19; *Dunlap v. State*, 371 S.C. 585, 641 S.E.2d 431 (2007) ("In appeals from criminal convictions **or post-conviction relief matters**, a litigant is not required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error.") (emphasis in original); and *Lee v. State*, 721 S.E.2d 442, 445–47 (S.C. App. 2011).

held that South Carolina's Uniform Post-Conviction Procedure Act is a viable state-court remedy. *See Miller v. Harvey*, 566 F.2d 879, 880–81 (4th Cir. 1977); *Patterson v. Leeke*, 556 F.2d 1168, 1170–73 (4th Cir. 1977).

Because Petitioner has not been convicted and, accordingly, has yet to exhaust at least four available state court remedies—a criminal trial, a direct appeal, an application for PCR, and an "appeal" (petition for writ of *certiorari*) in the PCR case, this court should not keep this case on its docket while the petitioner is exhausting his state court remedies. *See Galloway v. Stephenson*, 510 F. Supp. 840, 846 (M.D.N.C. 1981) ("When state court remedies have not been exhausted, absent special circumstances, a federal habeas court may not retain the case on its docket, pending exhaustion, but should dismiss the petition."); *see also Pitchess v. Davis*, 421 U.S. 482, 490 (1975); *Lawson v. Dixon*, 3 F.3d 743, 749 n. 4 (4th Cir. 1993) ("[E]xhaustion is not a jurisdictional requirement, but rather arises from interests of comity between the state and federal courts.").

On December 1, 2009, the Rules governing Section 2254 and 2255 cases in the United States District Courts were amended to require that a district court issue or deny a certificate of appealability when a final ruling on a post-conviction petition is issued. *See* Rule 11(a), Rules Governing Section 2254 Cases in the United States District Courts: "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

## *Recommendation*

It is recommended that the § 2254 Petition be dismissed *without prejudice and without requiring Respondent to file an Answer or return*. *See* Rule 4, Rules Governing Section 2254 Cases in the United States District Courts: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and

5

direct the clerk to notify the petitioner." It is also recommended that the district court deny a Certificate of Appealability. Petitioner's attention is directed to the important notice on the next page.

        IT IS SO RECOMMENDED.

April 18, 2012  
Florence, South Carolina

Kaymani D. West  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

Petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).