IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

Jamal H. Doctor,                          )
                                          )
        Petitioner,                       )        Civil Action No. 5:12-973-RMG
                                          )
        vs.                               )
                                          )
J. Al Cannon,                             )
                                          )        **ORDER**
        Respondent.                       )
                                          )
_____ )

Petitioner, a pre-trial detainee at the Charleston County Detention Center, has filed a *pro*

*se* petition for a writ of habeas corpus contending that he has been improperly charged with

certain pending state offenses. (Dkt. No. 1). This matter was referred to the Magistrate Judge for

pre-trial handling pursuant to 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2), D.S.C. The

Magistrate Judge issued a Report and Recommendation ("R & R") on April 18, 2012

recommending that the petition be dismissed without prejudice and without Respondent being

required to file an answer or return. (Dkt. No. 17). The Magistrate Judge also recommended that

the Court deny Petitioner a Certificate of Appealability. *Id.* at 6. Petitioner was advised that he

had 14 days to file specific written objections to the R & R and the failure to do so would result

in limited review by the District Court and a waiver of the right of appeal of the District Court

order. *Id.* at 7. Notwithstanding these instructions, Petitioner failed to file any written objections

to the R & R.

The Magistrate Judge correctly notes that any person seeking relief in the United States

-1-

District Court for alleged violations of constitutional rights as a state defendant must first exhaust

his state administrative remedies. 28 U.S.C. § 2254(b)(1)(A). According to the unchallenged R

& R, Petitioner's state charges are still pending and he has not exhausted his state administrative

remedies. (Dkt. No. 17 at 3-4). The Court finds the Magistrate Judge's R & R accurately and

comprehensively addresses the factual and legal issues in this matter and adopts the R & R as the

Order of the Court. Therefore, the Court **DISMISSES** this petition without prejudice and

without requiring Respondent to file an answer or return.

### Certificate of Appealability

The governing law, 28 U.S.C. § 2253(c), provides:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial
showing of the denial of a constitutional right.

(C)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the
showing required in paragraph (2).

A petitioner satisfies the standard by demonstrating that reasonable jurists would find this

Court's assessment of his constitutional claims debatable or wrong and that any dispositive

procedural ruling by the District Court is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322,

336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th

Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not

been met. Therefore, the certificate of appealability is **DENIED**.

AND IT IS SO ORDERED.

Richard Mark Gergel
United States District Judge

-2-

May 9, 2012
Charleston, South Carolina