# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Jamal H. Doctor, | ) |
| Petitioner, | ) Civil Action No. 5:12-973-RMG |
| vs. | ) |
| J. Al Cannon, | ) **ORDER** |
| Respondent. | ) |

Petitioner, a pre-trial detainee at the Charleston County Detention Center, has filed a *pro se* petition for a writ of habeas corpus contending that he has been improperly charged with certain pending state offenses. (Dkt. No. 1). This matter was referred to the Magistrate Judge for pre-trial handling pursuant to 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2), D.S.C. The Magistrate Judge issued a Report and Recommendation ("R & R") on April 18, 2012 recommending that the petition be dismissed without prejudice and without Respondent being required to file an answer or return. (Dkt. No. 17). The Magistrate Judge also recommended that the Court deny Petitioner a Certificate of Appealability. *Id.* at 6. Petitioner was advised that he had 14 days to file specific written objections to the R & R and the failure to do so would result in limited review by the District Court and a waiver of the right of appeal of the District Court order. *Id.* at 7. Notwithstanding these instructions, Petitioner failed to file any written objections to the R & R.

The Magistrate Judge correctly notes that any person seeking relief in the United States

-1-

District Court for alleged violations of constitutional rights as a state defendant must first exhaust his state administrative remedies. 28 U.S.C. § 2254(b)(1)(A). According to the unchallenged R & R, Petitioner's state charges are still pending and he has not exhausted his state administrative remedies. (Dkt. No. 17 at 3-4). The Court finds the Magistrate Judge's R & R accurately and comprehensively addresses the factual and legal issues in this matter and adopts the R & R as the Order of the Court. Therefore, the Court **DISMISSES** this petition without prejudice and without requiring Respondent to file an answer or return.

## Certificate of Appealability

The governing law, 28 U.S.C. § 2253(c), provides:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(C)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required in paragraph (2).

A petitioner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the District Court is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, the certificate of appealability is **DENIED**.

AND IT IS SO ORDERED.

Richard Mark Gergel
United States District Judge

May 9, 2012
Charleston, South Carolina